UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAWRENCE HALL (#429558)

VERSUS                                        CIVIL ACTION

HOWARD PRINCE, ET AL                          NUMBER 13-684-SDD-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, December 20, 2013.

                                  /s/ Stephen C. Riedlinger
                                  STEPHEN C. RIEDLINGER
                                  UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAWRENCE HALL (#429558)

VERSUS                                          CIVIL ACTION

HOWARD PRINCE, ET AL                            NUMBER 13-684-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody filed by Lawrence Hall.

For the reasons which follow, the petition should be dismissed for lack of subject matter jurisdiction.

**Background**

On August 2, 2000, the petitioner pled guilty to one count aggravated burglary in the 26th Judicial District Court for the Parish of Bossier, Louisiana.  Petitioner alleged that a Pre-sentence Investigation Report contained information regarding his prior arrest in 1984 in West Baton Rouge Parish on charges of aggravated assault and simple criminal damage to property. Petitioner was sentenced to a 30-year term of imprisonment at hard labor in the custody of the Louisiana Department of Corrections. The Louisiana Second Circuit Court of Appeal affirmed the petitioner's conviction and sentence.  *State of Louisiana v.*

*Lawrence Hall, Sr.,* 35,151 (La. App. 2d Cir. 9/26/01), 796 So.2d 164.

On February 19, 2003, the petitioner filed a Motion to Expunge his arrest record related to the 1984 aggravated assault and simple criminal damage to property charges in the Eighteenth Judicial District Court for the Parish of West Baton Rouge, Louisiana. Petitioner argued that the arrest record is not his and should not have been considered in determining his sentence for aggravated burglary in Bossier Parish.

On October 3, 2012, the Eighteenth Judicial District Court denied his Motion to Expunge. Petitioner sought review in the Louisiana First Circuit Court of Appeal. The Louisiana First Circuit Court of Appeal denied review on February 28, 2013. *Lawrence Hall v. State of Louisiana*, 2013-0042 (La. App. 1st Cir. 2/28/13). Petitioner sought review in the Louisiana Supreme Court, which denied review on September 13, 2013. *State ex rel. Lawrence Hall v. State of Louisiana*, 2013-0732 (La. 9/13/13), 120 So.3d 696.

On December 1, 2011, the petitioner filed a Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody in the United States District Court for the Western District of Louisiana in which he challenged his aggravated burglary conviction and sentence. *See Lawrence Hall v. Warden*

2

*Howard Prince, et al*, CV 11-2087-EEF-MLH (W.D. La.).[1] Petitioner raised the following grounds for relief: (1) the Pre-sentence Investigation Report contained false information regarding a prior arrest for aggravated assault and simple criminal damage to property; (2) he received an excessive sentence; (3) his due process rights were violated when his case was reassigned to a different section; and, (4) he was denied effective assistance of counsel. Petitioner's application for a writ of habeas corpus is currently pending before the Western District court.

Petitioner signed his § 2254 motion in this court on October 10, 2013 and it was filed on October 15, 2013. Petitioner alleged the following ground for relief: the Eighteenth Judicial District Court for the Parish of West Baton Rouge erred in denying his Motion to Expunge his 1984 arrest record.

### Applicable Law and Analysis

Section 2254 "confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments." *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Section 2254 is not a mechanism by which the petitioner can challenge a state court's

---

[1] A court may take judicial notice of the record in prior related proceedings. *Missionary Baptist Foundation of America, Inc. v. Wilson*, 712 F.2d 206 (5th Cir. 1983). The court hereby takes judicial notice of the proceedings in CV 11-2087-EEF-MLH filed in the United States District Court for the Western District of Louisiana.

denial of a motion to expunge an arrest record.[2]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody filed by Lawrence Hall be dismissed for lack of subject matter jurisdiction, without prejudice to the petitioner pursuing habeas corpus relief regarding his aggravated burglary conviction and sentence in *Lawrence Hall v. Warden Howard*

---

[2] It is also beyond the power of the federal court to enjoin the effect of a state court judgment. *Eitel v. Holland*, 787 F.2d 995, 997 (5th Cir. 1986). Federal courts do "not have appellate jurisdiction to review, modify or nullify a final order of a state court," and a plaintiff may not seek to reverse a state court judgment by bringing a civil rights action. *Id*. (quoting *American Furniture Co. v. International Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. 1981)). It is well-established that "[p]roceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme] Court." *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743 (1970); *see also, District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 482 & n. 16, 103 S.Ct. 1303, 1311, 1315 & n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416, 44 S.Ct. 149, 150 (1923).

*Prince, et al*, CV 11-2087-EEF-MLH (W.D. La.), pending in the Western District of Louisiana.

Baton Rouge, Louisiana, December 20, 2013.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE